.MORRIS SALSBERG, CHARLES SALSBERG and HARRY
SALSBERG, Doing Business as M. SALSBERG & SONS,
Plaintiffs, *v.* HARRY SPERO and SAMUEL L. GOLD-
STEIN, Copartners Trading as SPEGO SILK MILLS,
Defendants.

(Supreme Court, New York Trial Term, March, 1919.)

Sales — breach of contract — delivery by installments — measure of
damages — Personal Property Law, §§ 130, 148 (added by Laws of
1911, chap. 571).

Where a contract for the sale of goods to be delivered in
installments during March and the succeeding five months is
silent as to the quantities of the installments, the time of the
default in delivery, under section 148 of the Personal Property
Law, added in 1911, fixes the date when the damages for the
loss thus occasioned are to be measured.

Under a contract for the sale of 1,000 pieces of silk to be
delivered during March and the succeeding five months, " or
sooner if possible," payments were to be made on the tenth of
each month for all goods delivered during the previous month.
On July sixteenth defendants by letter consented to pay an
increased price of ten cents per yard upon condition that the
balance of their order for 1,000 pieces was delivered " accord-
ing to contract," and if not so delivered then the " original
contract as to the price on balance of merchandise not deliv-
ered is to remain in full force and effect and this modification
in price is to be invalid; and in all other respects it is under-
stood that our original contract continues." Neither by agree-
ment nor act of the defendants was the time of performance
extended, and deliveries made thereunder and in September
aggregated about 361 pieces. On October tenth, in conse-
quence of a dispute, no further deliveries were made, and in
an action to recover the price of the goods previously deliv-
ered the defendants, who as they testified were continuously
demanding more goods, pleaded a counterclaim for damages
resulting from plaintiff's failure to perform the contract. *Held,*
that as the evidence would have justified a finding that defend-
ants had complied with section 130 of said Personal Property

Law, added in 1911, it was properly left to the jury to determine how many pieces should have been delivered during each month, how many were in default monthly and to fix the damages accordingly.

MOTION to set aside verdict in an action upon contract.

Jacob L. Grubel (Edmund L. Mooney, of counsel), for plaintiffs.

I. Gainsburg, for defendants.

HOTCHKISS, J.   The contract was for the sale of 1,000 pieces of silk to be delivered during March, April, May, June, July and August, or sooner, if possible. Payments were to be made on the tenth of each month for all goods delivered during the previous month. Deliveries were actually made during each of the several months specified in the contract, and also in the month of September, but in the aggregate amounting only to about 361 pieces. On October tenth or eleventh a dispute arose between the parties and no more pieces were delivered. The plaintiffs thereupon brought suit for the price of the goods previously delivered and the defendants counterclaimed for damages resulting from plaintiffs' failure to perform according to the contract. The principal issue was as to whether the time for performance had been extended. The jury found that the time had not been extended by agreement or by any act of defendants. Defendants' letter of July sixteenth is not to be taken as necessarily extending the time for delivery. By this letter defendants consented to pay an increased price of ten cents per yard " upon the condition that the balance of our order for 1,000 pieces is delivered according to contract. If the said balance is not [so] delivered, then the original contract as to price on

balance of merchandise not delivered is to remain in full force and effect and this modification in price is to be invalid; and in all other respects it is understood that our original contract continues." By the original contract deliveries were to have been completed not later than August thirty-first. Concededly they were not, nor, during the period from July sixteenth to August thirty-first, or to October tenth for that matter, were deliveries made at a rate approximating the monthly rate which would have been necessary originally to have completed the delivery of 1,000 pieces within a period of six months (the contract period), assuming that the delivery of the full amount of 1,000 pieces had been made in equal installments during each of such months. It was left to the jury to determine in the light of all the circumstances how many pieces should have been delivered during each month named in the contract and how many were thus in default monthly and to fix the amount of damages accordingly. Defendants' evidence was to the effect that they were continually demanding more goods. There seems to be a dearth of authorities in this state as to the time when damages are to be fixed, when deliveries are to be made in installments during stated periods, but where the quantities of the installments are not specified. The general rule is that the time of default in delivery fixes the date when damages are to be measured, and the measure of damages is compensation for the loss thus occasioned. Sales Act, § 148. If a contract contemplates but a single delivery, acceptance by the buyer does not discharge the seller from liability for damages for delay, provided the buyer gives " notice to the seller of the breach * * * within a reasonable time after the buyer knows, or ought to know, of such breach." Sales Act, Anno. 1911, § 130. The act does not require any particular

form of notice, nor was the court asked to instruct the jury to find specifically whether notice of breach had been given. The evidence, however, would have justified a finding that defendants had substantially complied with the statute. In *Brown* v. *Muller,* 1872, L. R. 7 Exch. 319, it was held that where the contract is for the delivery of goods in *equal proportions* in a given number of months, the proper measure of damages is the sum of the differences between the contract and market prices on the last day of each month, respectively. In *Roper* v. *Johnson,* 1873, L. R. 8 C. P. 167, the defendant in April agreed to sell and the plaintiffs to buy 3,000 tons of coal " to be taken during the months of May, June, July and August." On the eleventh of June the defendant definitely refused to deliver any coal, and on the third of July plaintiffs brought action. The case thus involved the rule in *Hochster* v. *De la Tour,* and a discussion of the application of that rule occupied a considerable portion of the opinions rendered. But on the question of the measure of damages the judges were unanimous in applying the principles of *Brown* v. *Muller.* In the language of Keating, J. (p. 176) : " The rule laid down by the Court of Exchequer in *Brown* v. *Muller* is to be applied in the present case *cy pres.*" It was accordingly held in the absence of evidence on the part of the defendants that the plaintiffs could have obtained a new contract on such terms as to mitigate their loss; that the true measure of damages was the sum of the differences between the contract price and the market price at the several periods of delivery. Just what those periods were is not stated in any of the opinions, but in the statement of facts the following appears (pp. 170, 171) : " The plaintiffs claimed to be entitled to damages, estimated according to the advance in the market price of coal, at the various periods at

which the coal contracted for should have been delivered, namely, *in equal monthly* quantities, 750 tons in each of the four months of May, June, July and August.'' Apparently the verdict approved of this claim. In its decision the court slightly reduced the verdict and ordered judgment for the reduced sum. So far as the rule of damages is concerned, the case on principle seems to be applicable to the present, even if one ignores the words '' or sooner if possible,'' which were in the contract here in dispute. The plaintiff relies upon *Schulder* v. *Ladew, Inc.*, 178 App. Div. 458, and *Consumers Bread Co.* v. *Stafford Flour Mills Co.*, 239 Fed. Repr. 693. But these cases are not in point, because there the buyers expressly consented to extend, or in some other manner extended the time for performance and thus barred themselves from claiming a breach, the court in each case treating the question of breach and the question of performance as synonymous. The questions raised by the present motion are by no means without difficulty, but on the whole I am inclined to think the charge was right.

Motion to set aside verdict denied.