WOOD, Respondent, vs. HEYER, Appellant.

*January 13—February 6, 1923.*

*Sales: Warranty that cows are pure bred: Failure to give notice of breach: Reasonable time.*

1. Failure of the purchaser of two cows, represented to be purebred shorthorns, to give notice of a breach of such warranty until nearly eighteen months after one of them was purchased and eight months after the other was purchased, is, as a matter of law, a gross lack of ordinary diligence, which, under sec. 1684t—49, Stats., requiring notice within a reasonable time, precluded a recovery of damages.

2. Ordinarily what is a reasonable time within which to give notice is a question of fact for the jury.

APPEAL from a judgment of the circuit court for Polk county: W. R. FOLEY, Circuit Judge. *Reversed.*

Action to recover damages sustained by reason of false representations claimed to have been made by the defendant in the sale of two cows represented to have been pure-bred shorthorns. The jury found a special verdict in favor of the plaintiff, and from a judgment entered thereon the defendant appealed.

For the appellant there was a brief by *McNally & Doar* of New Richmond, and oral argument by *W. T. Doar*.

*George C. Rogers* of St. Paul, Minnesota, for the respondent.

VINJE, C. J.   One question of the special verdict was: "Did the plaintiff fail to give the defendant notice that the cows were not pure-bred shorthorns within a reasonable time after plaintiff knew or by the exercise of reasonable care ought to have known such fact, if it was a fact?" The jury answered "No." Sec. 1684t—49 of the Statutes provides:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

This statute applies to the sales here involved. *Harrington v. Downing,* 166 Wis. 582, 166 N. W. 318; *Chess & Wymond Co. v. La Crosse Box Co.* 173 Wis. 382, 181 N. W. 313.

One of the cows was purchased December 21, 1916, and the other September 27, 1917. Plaintiff testified that he first discovered these cows were not pure bred May 5, 1918. He also testified that on account of the radical difference in the price he paid and the market price of pure breds that

he had a suspicion at the time he bought the cow in December that it was not pure bred; that such suspicion was again aroused in his mind November 7, 1917, and in the middle of February, 1918. This action was not begun till September, 1919. Plaintiff personally gave defendant no notice of breach of warranty, but notice is claimed to have been given by Mr. Kennedy, his attorney, some time in May, 1918. It is very doubtful if what Mr. Kennedy then said to the defendant constituted notice, because Mr. Kennedy was not then representing plaintiff in the matter and he did not know till near the close of the trial that the statute required a notice. But assuming that notice was then given it can be said as a matter of law that it was not given within a reasonable time after the sales. As to one cow it was nearly a year and half after its sale; as to the other about eight months after its sale, and during all this time plaintiff entertained suspicions that the cows were not pure bred. Under such circumstances it was his duty to act with reasonable diligence and ascertain what the fact was. The very intent and purpose of the statute is to require reasonable diligence in such matters to the end that they can be adjusted or litigated when conditions are most nearly like what they were at the time of the sale. Here it appears that before the trial one of the cows had been shipped to market, and it is claimed plaintiff would not allow an examination of the other. As to the cow disposed of it is probable defendant was at a disadvantage to prove it pure bred. At any rate he was at a disadvantage to show its actual breed. It was to remedy such and other evils that the rule of law was put into statutory form.

Usually what is a reasonable time within which to give notice is a question of fact for the jury. And what is a reasonable time will vary somewhat according to the nature of the goods sold and the kind of warranties made. It is evident that a longer time would be reasonable to discover

a lack of breed in cows than a defect in merchandise. But there must be reasonable diligence used in both cases. Here plaintiff did nothing for about eight months in one case and over twice that length of time in the other after his suspicions were aroused and from time to time re-aroused. Such delay spells gross lack of ordinary diligence as a matter of law. To hold otherwise were to practically permit a jury to annul the statute. This case comes well within the decided cases. *Chess & Wymond Co. v. La Crosse Box Co.* 173 Wis. 382, 181 N. W. 313; *Knobel v. J. Bartel Co.* 176 Wis. 393, 187 N. W. 188; *Tegen v. Chapin,* 176 Wis. 410, 187 N. W. 185. In the latter case a delay of fifty-seven days in notifying the seller of a breach of warranty that the cow sold was a breeder was held as a matter of law to be an unreasonable delay.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint upon the merits.