ACE ENGINEERING COMPANY, Appellant, vs. WEST
BEND MALTING COMPANY, Respondent.

*October 12—November 9, 1943.*

*Sol J. Weil* of Milwaukee, for the appellant.

For the respondent there was a brief by *Sullivan & Lauritzen* of Milwaukee, and oral argument by *Rickard H. Lauritzen.*

WICKHEM, J.   In July, 1937, plaintiff sold defendant two oil burners to replace coal furnaces theretofore used by defendant to heat and dry its malt products.   It is conceded that under the contract plaintiff was obligated to construct and install fireboxes and burners in such a manner that there would be no smoke, fumes, or soot.   It is also conceded that it was understood by all of the parties that if the burners smoked they would injure 'the grain and impair or destroy its value for human consumption.   The burners were installed on or about September 1, 1937, and were fired on September 15th.

According to the evidence, the burners smoked on the 15th of September, and on the 19th of September, causing damage by smoke to the grain then being processed.   This damage reduced the value of the grain from about three and one-half cents a pound to one cent a pound and made up all of the damages allowed to defendant by the court upon its counterclaim.   There is some confusion in the evidence as to whether the burners smoked on one or two occasions and considerable support for the conclusion of the trial court that there was only one instance of smoking, and that on the 19th of September, but we do not consider this to be of great importance.

Upon the evidence there was an issue of fact whether the smoking was caused by the use of a nozzle of improper size (in which event there would be a further question whether the fault was that of plaintiff in failing to put on the right size of nozzle, or that of defendant in having to install a different nozzle in view of the dimensions and design of the firebox) or by the installation of combustion chambers of incorrect size and design resulting, (1) in air supply insufficient to cause complete combustion; (2) improper location of this supply resulting in irregular and incomplete combustion.

The trial court found that the smoke and consequent damage was caused by incomplete combustion resulting from the design and construction of the combustion chambers.   A careful review of the record satisfies us that the evidence sustains

this·finding, and had this been the only question involved upon this appeal, no opinion would have been filed.

However, plaintiff also claims that since the counterclaim is based upon breach of warranty, the requirements of sec. 121.49, Stats., apply, and that they were never satisfied by plaintiff. Sec. 121.49 provides, in part:

"If, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

It was held in *Marsh Wood Products Co. v. Babcock & Wilcox Co.* 207 Wis. 209, 240 N. W. 392, that such a notice is not only a condition precedent to liability of the vendor, but that the notice must fairly apprise the seller that the buyer looks to him for damages. On the other hand, assuming that such requirements are met, the notice need not be in any particular form. *Salsberg v. Spero,* 106 Misc. 436, 175 N. Y. Supp. 839; *Johnson v. Kanavos,* 296 Mass. 373, 6 N. E. (2d) 434.

On September 17, 1937, defendant complained by letter of the flimsy construction of the firebox which plaintiff put in. It was stated:

"We will proceed getting this job in first-class order, and whatever the cost, will be deducted from the balance due you."

On September 18th plaintiff acknowledged receipt of this letter and warned defendant against tampering with the equipment, stating:

"We believe you are making a mistake in tampering with this equipment and we shall certainly hold you responsible for any damage done to our property before it is fully paid for.".

On September 20, 1937, following the considerable smoking up of defendant's wheat, defendant wrote:

"We are glad to be held responsible for any damage done to your equipment, but *we will do the same to you.*"

The letter notes an improvement in the smoke situation by changing nozzles but informs plaintiff that they had much to learn about handling air volume and velocity in connection with oil heating.

We are of the view that the correspondence sufficiently brought home to plaintiff the fact that defendant was holding it responsible for damages for failure of its equipment and installation, and also notified plaintiff that the equipment was operating defectively due to some defects of design and installation having to do with air circulation in relation to combustion. For this reason, the notice was adequate and the trial court properly held to that effect.

*By the Court.*—Judgment affirmed.