ARCTIC ENGINEERING CORPORATION, Respondent, vs. HARRISON, Appellant.

*January 12—February 7, 1956.*

132

For the appellant there was a brief by *Otto M. Schlabach,* and oral argument by *William J. Sauer* and *R. M. Schlabach,* all of La Crosse.

For the respondent there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Peter G. Pappas.*

GEHL, J. Sec. 121.69 (2), Stats., lays down the remedies available to a buyer in case of breach of warranty, and then provides that:

"When the buyer has claimed and been granted a remedy in any one of these ways, no other remedy can thereafter be granted."

Apparently the trial judge considered that, since defendant's counterclaim had been dismissed, he had been granted a remedy and was entitled to no more. Manifestly, defendant was not granted a remedy by the dismissal of his counterclaim.

Plaintiff urges that we consider the case as though the defendant had at the trial abandoned his claim for rescission and elected to proceed exclusively upon his counterclaim. It would require strong evidence to convince us that, under the circumstances, defendant had forsaken his claim for a credit of more than $3,000, based upon what now appears to be an established fact—the failure of the machine, for a judgment of $700, the amount claimed on account of his counterclaim. On the contrary, defendant's counsel made it quite clear near the close of the testimony that he "was seeking recoupment against the plaintiff as well as special damages arising from the breach of warranty."

While counsel for defendant in the quoted statement referred to his defense as one for recoupment, it is clear that both counsel and the court, near the close of the case, used the expressions "recoupment" and "rescission" interchangeably. This appears clearly from a statement made by counsel for plaintiff when the court and counsel were considering plaintiff's motion made near the close of testimony for a dismissal of the answer and counterclaim; counsel said:

"May it please the court, we have a breach of warranty, you either rescind the contract or you seek damages. If you do not rescind the contract it is elementary that the contract stands, that you are affirming the contract and that if you have any damages you have to set them up in a counterclaim. Now Mr. Sauer, by his election to proceed on the breach of warranty, has affirmed the contract and is entitled to a counterclaim or offset."

It is not disputed that defendant's answer contains allegations sufficient to support a claim for rescission for breach of warranty. Plaintiff contends, however, that defendant is not entitled to recover because he failed to give the notice required by sec. 121.49, Stats., which provides:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not dis-

charge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

What constitutes an acceptance is defined in sec. 121.48, Stats.:

"The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

The provisions of these statutes require that to entitle defendant to relief under the allegations of his answer to the complaint, it must appear that he did or did not accept the ice machine, and, if he did, that he gave the timely notice required by sec. 121.49, Stats. These are questions of fact for the jury, *Buck v. Racine Boat Co.* (1923), 180 Wis. 245, 192 N. W. 998; *Wood v. Heyer* (1923), 179 Wis. 628, 191 N. W. 971, the right to a determination of which the defendant was denied. In view of the fact that there must be a determination of these questions we consider it unnecessary, if not inadvisable, to discuss the testimony which would support the finding favorable to the defendant. We say no more in that regard than to point out that it appears clearly to us that the testimony would support such findings.

Plaintiff cites *Marsh Wood Products Co. v. Babcock & Wilcox Co.* (1932), 207 Wis. 209, 240 N. W. 392, as authority for its contention that defendant fails because he did not give the required notice. No notice was given in that case, but it must be observed that there the plaintiff who sued

for breach of warranty kept and used the goods from September 28, 1926, when the breach was discovered, and made no complaint against the sellers until June 14, 1928, when it commenced its action. There had been acceptance. It has not yet been determined in the instant case that defendant accepted the ice machine.

Plaintiff contends that the notice given by defendant of his election to rescind is defective. The notice upon which defendant relies is contained in a letter addressed by him on July 28, 1953, eight days after the work of installation had been completed, which reads in part as follows:

"The ice maker is not working we are having the same kind of trouble when your men were here. Meanwhile we have to buy ice every day which we are charging to your account, because it is up to you to do something, and do it fast."

We consider that this letter must be construed to have reasonably informed the plaintiff of defendant's intention to claim damages for the breach. It is as clear a statement of defendant's intention as was the notice given by the buyer who defended in *Ace Engineering Co. v. West Bend Malting Co.* (1943), 244 Wis. 91, 93, 11 N. W. (2d) 627, for breach of warranty in an action brought by the plaintiff for the recovery of the balance of the purchase price of some machinery, which notice was held to be sufficient and read as follows:

" 'We will proceed getting this job in first-class order, and whatever the cost, will be deducted from the balance due you.' "

It is clear that the answer of defendant sets up a claim for rescission and that by his counterclaim he seeks to recover damages for breach of warranty. He has both these remedies but they cannot both be prosecuted at once. *Park v. Richardson & Boynton Co.* (1892), 81 Wis. 399, 51 N. W. 572; *Advance-Rumely Thresher Co. v. Born* (1926), 189 Wis.

309, 206 N. W. 904. He should have been required or at least been given the opportunity to elect between the remedies. *Advance-Rumely Thresher Co. v. Born, supra.*

Defendant complains because when his motion for a new trial was being considered, he was denied the right to amend his pleadings. Since there must be a new trial and the motion may again be made and since, if it is, it will, of course, be addressed to the discretion of the court, we refrain from discussing the contention.

Defendant contends that the court erred in including in the judgment for plaintiff an item of $430 due upon "open account." Plaintiff responds to this contention with the statement that defendant did not in his answer set up a defense to this claim. The answer to the response is that plaintiff made no claim for the item in its complaint.

Since the judgment is to be reversed it is unnecessary that we consider defendant's objection to one of the items of cost allowed the plaintiff.

It is obvious that there must be a new trial.

*By the Court.*—Judgment reversed. Cause remanded for a new trial.