ESTATE OF WEINERT: WEINERT, Appellant, v. FIRST STATE BANK OF WEST BEND, Executor, and another, Respondents.

*October 4—October 30, 1962.*

34

For the appellant there were briefs by *Marth & Marth* of West Bend, and oral argument by *William J. Marth*.

For the respondent First State Bank of West Bend there was a brief by *Gonring & Kauth* of West Bend, and *Leo C. Hartman* of Juneau, and oral argument by *Mr. Hartman* and *Mr. Leroy J. Gonring*.

For the respondent St. Frances Cabrini Congregation there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Stephen M. O'Meara*.

FAIRCHILD, J.   Sec. 324.05, Stats., provides:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take

his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

1. *Leave to appeal.* Appellant's request for leave to appeal from the order admitting the will was properly denied. He has not suggested that there was any error on the trial, nor that the record as it stood August 8, 1961, would fail to support the order then entered admitting the will.

2. *Reopening the case and striking the testimony.* Appellant's position, as we understand it, is this: Mr. Gonring's appearance as attorney for the executor after August 8th compels the inference that he was still participating as attorney for the proponent at the time he testified; that the impropriety of being at once both witness and attorney in a contested matter rendered him incompetent to testify as to the execution; that his testimony must therefore be stricken; that the testimony of the other attesting witness would be legally insufficient for admission of the will because there was a contest and both witnesses were available.

Appellant is quite right in citing *Will of Cieszynski* [1] for the proposition that it is improper for an attorney to continue to conduct litigation when he knows in advance of the trial that his testimony will be required. He is quite wrong, however, in his contention that if an attorney violates that rule, he is incompetent to testify. We recently pointed this out, as follows:

"The objector cites *Will of Cieszynski*, 207 Wis. 353, 241 N. W. 364, in which this court criticized the propriety of an attorney acting as a witness in a matter in which he

[1] (1932), 207 Wis. 353, 241 N. W. 364.

was conducting the litigation. The opinion in that case indicates that the attorney who drafted the will conducted the litigation in the will contest, gave his testimony, and continued to appear in the litigation. The objector also cites one sentence from 3 Jones, Evidence, Civil Cases (4th ed.), p. 1360, sec. 754. The entire portion thereof dealing with the subject of an attorney appearing as a witness for a client is as follows:

" 'No rule of law prohibits the attorney of a party who prosecutes or defends a civil action from testifying at the instance of his client. In some cases, it may be unseemly, especially if counsel is in a position to comment on his testimony; and the practice has often been severely criticized by the courts. It has even been held to be reversible error to permit an attorney to continue to act as such after having testified for his client. Nevertheless the competency of the attorney as a witness is conceded and there are often cases in which it may be quite important, if not indispensable, that the testimony be admitted in order to prevent an injustice or to redress a wrong. In some of the states, statutes or rules of court limit the right of attorneys to testify or to participate in the argument after having testified.'

"In the *Cieszynski Case, supra,* this court affirmed the judgment of the county court admitting the will to probate and did not say that the testimony was inadmissible. Nor does Jones in his work on evidence so state." [2]

The sentence quoted by appellant from *Will of Cieszynski* [3] "In such a situation a lawyer should withdraw from the conduct of the litigation, or his clients should forego his testimony," states the ethical requirements, not the penalty for violation thereof.

If, as appellant argues, Mr. Gonring had a pecuniary interest in the admission of the will by reason of an expectation that he would be retained to complete the probate and

[2] *Estate of Stronks* (1961), 14 Wis. (2d) 356, 363, 111 N. W. (2d) 71.
[3] (1932), 207 Wis. 353, 354, 241 N. W. 364.

thus earn a fee, that interest did not render him incompetent, but could be shown to affect his credibility.[4]

Even if, as incorrectly claimed by appellant, Mr. Gonring were incompetent as a witness, the striking of his testimony would not prevent the admission of the will upon the testimony of the other attesting witness.[5]

3. *Reopening and reconsideration or new trial.* In a close case, evidence discovered after the trial and severely damaging the credibility of an important witness might be a basis for reopening the case in the discretion of the trial court. Here, however, was no close case. We have reviewed the record and agree with the county court that proper execution was firmly established and there was no evidence of undue influence or lack of capacity.

4. *The ethical problem.* The duty of an attorney to withdraw from the litigation when he knows in advance that his testimony will be required has already been referred to. He must withdraw *completely,* and leave his client free in every sense to retain other counsel and continue with other counsel. It is consistent, however, with such full withdrawal, for the client at his own instance to retain original counsel again at a later stage in the proceeding. As far as the record shows, that may have happened here. We are aware that the attorney selected by a testator to draw his will often has a familiarity with the testator's affairs which makes him better able to serve the executor than a stranger would be. We are also aware that the attorney who is retained to represent a proponent in a will contest under these circumstances may feel as a matter of professional courtesy that after the contest the client should be free to retain the original counsel to complete the matter. We prescribe no formula for dealing with the situation but emphasize that the

---

[4] Sec. 325.13, Stats.
[5] Sec. 238.06, Stats.

withdrawal of the attorney who expects to be a witness must be complete.

*By the Court.*—Orders affirmed.

DIETERICH, J., took no part.