Mack Trucks, Inc., Respondent, v. Sunde, Appellant.

*January 11—February 5, 1963.*

130

131

For the appellant there was a brief by *Gherty & Ellefsen* of Hudson, and oral argument by *Charles R. Ellefsen.*

For the respondent there was a brief by *Gwin & Fetzner,* attorneys, and *Robert Torgerson* and *John W. Fetzner,* all of Hudson, and oral argument by *John W. Fetzner.*

WILKIE, J. The issues in this case are:

1. Did the trial court commit prejudicial error in refusing to admit Exhibit 18, a copy of the letter of June 23, 1959?

2. Did the trial court commit prejudicial error in refusing to allow Attorney Gherty the right to testify regarding the facts surrounding the contents and mailing of that letter?

3. If the trial court did not commit prejudicial error under 1 or 2, is there credible evidence to support the jury finding that Mack Trucks did not have notice from the defendant of the claimed breach of warranty?

4. Should this court exercise its power of discretionary reversal and grant a new trial under sec. 251.09, Stats.?

The jury found a warranty, a breach, and $6,500 resulting damages to defendant. The entire case turned below on the question of whether the buyer gave the seller notice of the breach of warranty and of the fact that the buyer was holding the seller for damages resulting from the breach. The jury answered "No" and therefore did not answer the related question of whether the notice was given in a reasonable time. We must first consider whether prejudicial error was committed by the trial court on evidentiary questions concerning the matter of notice.

1. *Did the trial court commit prejudicial error in refusing to admit Exhibit 18, a copy of the letter of June 23, 1959?* At the time of offer of the June 23, 1959, letter into evidence, an objection to the copy of the letter was sustained on the ground that it was not the best evidence. Sec. 327.22, Stats., states:

"327.22 DEMAND TO ADMIT DOCUMENTS, FACTS; COSTS. (1) Any party to any action may, by notice in writing served upon a party or his attorney at any time after an issue of fact is joined and not later than ten days before the trial, call upon such other party to admit or refuse to admit in writing:

"(a) The existence, due execution, correctness, validity, signing, sending, or receiving of any document, or,

"(b) The existence of any specific fact or facts material in the action and stated in the notice."

The attorney for the buyer did not in fact demand the original of the June 23, 1959, letter.

This court in *Kubiak v. General Accident Fire & Life Assur. Corp.* (1962), 15 Wis. (2d) 344, 113 N. W. (2d) 46, at page 350, stated:

"This court has likewise adopted the rule that the best-evidence rule which requires proof of the contents of the writing by the writing itself but, of necessity, in order to prevent a miscarriage of justice, *contents of a document may be proved by other means when the writing is unavailable or for some other legitimate reasons it is not possible or feasible to produce the original document.*" (Emphasis ours.)

In *Shellow v. Hagen* (1960), 9 Wis. (2d) 506, 101 N. W. (2d) 694, this court stated, at page 516, that the purpose of the best-evidence rule was to prevent fraud upon the trier of the fact, depriving it of the benefit of the original document.[1]

On the authority of the above, the trial judge was not in error in refusing to allow a copy of the letter of June 23, 1959, into evidence. The attorney for the buyer did not comply with sec. 327.22, Stats., and in turn did not lay the proper and requisite foundation for the introduction of the copy into evidence.

2. *Did the trial court commit prejudicial error in refusing to allow Attorney Gherty the right to testify regarding the facts surrounding the contents and mailing of that letter?* The trial court refused to permit Attorney Gherty to testify in the course of the trial. The trial judge stated that to do so would be in violation of Canon 19 of the Canons of Ethics of the American Bar Association.[2] In both *Roys v. First*

---

[1] See also *Newell v. Clapp* (1897), 97 Wis. 104, 72 N. W. 366, where this court in effect said that secondary evidence was only admissible when the party introducing the same had laid the requisite foundation for its introduction.

[2] "19. APPEARANCE OF LAWYER AS WITNESS FOR HIS CLIENT. When a lawyer is witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except

*Nat. Bank* (1924), 183 Wis. 10, 197 N. W. 237, and *Zeidler v. State* (1926), 189 Wis. 44, 206 N. W. 872, Canon 19 was emphasized, and this court did not rule the testimony of the lawyer inadmissible but to be discouraged. In each case the lawyer attempting to be a witness was actually an attorney in the case. In this case, however, the proposed witness was not an attorney in the case but the law partner of the attorney trying the case. The trial court stated that under the circumstances of this case this fact made no difference since all members of a law firm are on record as being attorneys for the party and Canon 19 should still apply. We recently held in *Estate of Weinert* (1962), 18 Wis. (2d) 33, 117 N. W. (2d) 685, that even though testimony by an attorney would constitute a violation of Canon 19, his testimony is competent.

In any event, any error in this respect was not prejudicial, since Attorney Gherty would only have been able to testify that a registered letter was sent and that the receipt of the letter was acknowledged. All of these facts subsequently were testified to by Grace Amundson, secretary for the law firm of Gherty & Ellefsen. Without proper foundation neither Miss Amundson nor Mr. Gherty, if he were able to testify, could testify as to the contents of the letter or that Exhibit 18 was a copy of the original.

3. *If the trial court did not commit prejudicial error under 1 or 2, is there credible evidence to support the jury finding that Mack Trucks did not have notice from the defendant of the claimed breach of warranty?* In response to Question 8 of the special verdict,[3] the jury answered "No." A verdict approved by a trial court must be sustained if there is credible

---

when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

[3] "Question 8. If you answer Questions No. 5 and No. 6 in the affirmative then answer this question:

"Did the defendant [buyer] give the plaintiff [seller] notice of such breach of warranty and that the defendant looked to the plaintiff for damages because of such breach?"

evidence which under any reasonable view admits of an inference that supports the jury's findings.[4]

In cases of claimed breach of warranty, notice of the breach of warranty by the buyer to the seller is required by sec. 121.49, Stats. 1957.[5]

The subject of such notice was considered in *Marsh Wood Products Co. v. Babcock & Wilcox Co.* (1932), 207 Wis. 209, 224, 240 N. W. 392, and the court, in interpreting sec. 121.49, Stats., stated:

"Under the section relied upon, the purchaser has neither a right of action for the breach of a promise or warranty in the contract, nor a defense to an action for the purchase price unless the required notice has been given. Uniform Sales Act, Annotated, vol. 1, p. 289; *Trimount Lumber Co. v. Murdough,* 229 Mass. 254, 118 N. E. 280; *Moore v. Foss & Co., Inc.,* 18 Fed. (2d) 635. Even the fact that the seller knew of the facts constituting the breach does not render it unnecessary for the buyer to give the required notice, since the notice required is not of the facts concerning the breach, but of the buyer's claim that they will constitute a breach. *American Mfg. Co. v. U. S. Shipping Board Emergency Fleet Corp.* 7 Fed. (2d) 565. . . . The notice must advise the seller that the buyer is looking to him for damages."

Later, in *Ace Engineering Co. v. West Bend Malting Co.* (1943), 244 Wis. 91, 11 N. W. (2d) 627, this court further stated, at page 93:

---

[4] *Hamm v. Miller* (1949), 256 Wis. 192, 40 N. W. (2d) 387; *Mossak v. Pfost* (1950), 258 Wis. 73, 44 N. W. (2d) 922.

[5] Sec. 121.49, Stats., provides: "ACCEPTANCE DOES NOT BAR ACTION FOR DAMAGES. In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

". . . a notice is not only a condition precedent to liability of the vendor, but that the notice must fairly apprise the seller that the buyer looks to him for damages. On the other hand, assuming that such requirements are met, the notice *need not be in any particular form.* Salsberg v. Spero, 106 Misc. 436, 175 N. Y. Supp. 839; *Johnson v. Kanavos,* 296 Mass. 373, 6 N. E. (2d) 434." (Emphasis ours.) [6]

In his instructions to the jury in regard to notice, the trial judge stated:

"You are instructed in connection with this question that the fact that the seller may know of facts constituting a breach of warranty does not render it unnecessary for the buyer to give the required notice. The notice required is not of the facts concerning the breach, but the buyer's claim that a breach exists and that the buyer will look to the seller for damages."

In his memorandum opinion the trial judge stated:

"The law is clear that notice that breach of warranty is claimed must be given to the seller and is a precedent to a right of recovery. Exhibit 18 was not admissible and no other proof of notice was given. Consequently the counterclaim cannot stand. It may be claimed that plaintiff knew the facts but this does not dispense with notice and even under such circumstances notice must still be given."

We agree with the trial court. We cannot say that as a matter of law the required notice was given to the seller. The jury could not consider the letter of June 23, 1959, and there was no other proof offered of any specific notice. All that may be said for the defendant is that the plaintiff knew that the tractor was not performing as expected and the plaintiff was attempting to repair the tractor so that it would operate correctly. The conduct of the parties did not as a matter of law fulfil the legal requirements as to notice on a

[6] See also *Hellenbrand v. Bowar* (1962), 16 Wis. (2d) 264, 268, 114 N. W. (2d) 418; also *Schaefer v. Weber* (1953), 265 Wis. 160, 60 N. W. (2d) 696.

breach-of-warranty claim. There was credible evidence to support the jury's answer that there was no notice.

4. *Should this court exercise its power of discretionary reversal and grant a new trial under sec. 251.09, Stats.?* Appellant asks that, notwithstanding the correctness of the trial court's rulings on the evidence questions, a new trial should be granted by the supreme court in the interests of justice under its discretionary powers set forth in sec. 251.09, Stats. It is well settled that this court will not exercise this discretion unless it has been convinced that there has been a probable miscarriage of justice, viewing the case as a whole.[7]

In essence the buyer's request for a new trial is founded on the assertions (1) that by its conduct the seller actually waived the notice requirement or was estopped from claiming no notice, and (2) that notice was in fact given here and the jury's answer to the contrary was attributable to faulty instructions by the trial court as to what the requirements of notice were. The buyer's counsel concedes that neither of these grounds was specifically advanced to the trial court as a reason for a new trial and that no proposed instructions on the subject of notice were submitted to the trial court at any time either prior to its charge to the jury or in connection with motions after verdict.

The defendant never pleaded that the notice requirement had been waived by the plaintiff or that the plaintiff was estopped from asserting the defendant's failure to give notice. The defendant specifically alleged that notice in writing was given on June 23, 1959; at the trial, because of the inadmissibility of Exhibit 18, he failed in his proof. The court's

[7] *Gile v. Widholm* (1962), 17 Wis. (2d) 275, 280, 116 N. W. (2d) 249; *Scalzo v. Marsh* (1961), 13 Wis. (2d) 126, 146, 108 N. W. (2d) 163; *Minkel v. Bibbey* (1953), 263 Wis. 90, 56 N. W. (2d) 844.

instructions on the notice requirement did not specifically tell the jury that the notice need not be in any particular form and that the notice could be oral instead of written. The jury was not precluded by the instructions from deciding there was an adequate oral notice given to the plaintiff. Although it would have been preferable for the trial court to instruct the jury that the notice need not be in any particular form, no such instruction was requested and, in view of the paucity of proof as to any notice outside of the alleged letter, we are not prepared to say that there has been a miscarriage of justice here which requires us to exercise our discretionary power of reversal because the instructions might have been amplified to include this advice to the jury.

Waiver contemplates the intentional relinquishment of a known right.[8] The general rule is that under proper circumstances a seller may be held to have waived the requirement that he be given notice of a claimed breach of warranty.[9] But if there is a claim of waiver of the notice requirement, it must be pleaded,[10] and here it was not only left out of the pleadings but the defendant alleged the specific notice.

The seller may also be held to be estopped from asserting want of notice by the buyer.[11] Again such estoppel must be pleaded,[12] and none was pleaded here.

[8] *Haas v. Integrity Mut. Ins. Co.* (1958), 4 Wis. (2d) 198, 90 N. W. (2d) 146; *Davies v. J. D. Wilson Co.* (1957), 1 Wis. (2d) 443, 85 N. W. (2d) 459.

[9] 77 C. J. S., Sales, pp. 1239–1242, sec. 343.

Knowledge of the facts constituting the breach does not constitute waiver of the notice requirement. *Simonz v. Brockman* (1946), 249 Wis. 50, 23 N. W. (2d) 464; *Marsh Wood Products Co. Case, supra.*

[10] 77 C. J. S., Sales, p. 1276, sec. 362 e, states, "Where the buyer must give notice of the breach of warranty, his plea or answer setting up a breach of warranty must allege the giving of the necessary notice within the proper time, or a waiver thereof by the seller." See Anno. 120 A. L. R. 8.

[11] In *Cohan v. Associated Fur Farms* (1952), 261 Wis. 584, 53 N. W. (2d) 788, the court stated, at page 594: "But there may be

. One further observation should be made. In his memorandum opinion in which the trial court, among other things, refused to grant a new trial in the interests of justice, the trial court stated:

"Even if notice were given and proper proof of the giving of notice were made it would probably not be sufficient in this case. The tractor was purchased in November, 1958, and the evidence shows that defendant had trouble with it all winter and well into the spring. It constantly leaked water and oil and defendant had many and expensive repairs made over a long period of time. Consequently, it is obvious that defendant knew the facts upon which breach of warranty is claimed as soon as the winter of 1958–1959, yet no notice was given until June, 1959. Not only is notice required but notice must be timely. The question of whether a notice is timely given is a somewhat relative one depending on the particular case. Here notice was not given until four or five months after defendant knew the facts upon which he claims breach of warranty. The question of timeliness is not actually before the court since it must be held that no notice was given. However, the court wishes to point out this question."

Although the issue of timeliness of the required notice is generally a fact issue for the jury,[13] and would have been a jury issue here if the jury had found there was a notice, viewing the case as a whole, our conclusion that there has not been a probable miscarriage of justice is in part based

estoppel to set up want of notice. *Olson v. Stella Cheese Co.* 254 Wis. 62, 35 N. W. (2d) 220. Where one by statements made 'induced another to refrain from doing that which he would have done but for the action of the former' he may be precluded from asserting the other's failure. *Guile v. La Crosse Gas & Electric Co.* 145 Wis. 157, 170, 130 N. W. 234."

[12] *Schneck v. Mutual Service. Casualty Ins. Co.* (1963), 18 Wis. (2d). 566, 119 N. W. (2d) 342. *Megal v. Kohlhardt* (1960); 11 Wis. (2d) 70, 103 N. W. (2d) 892.

[13] *Arctic Engineering Corp. v. Harrison* (1956), 272 Wis. 129, 74 N. W. (2d) 627, and cases cited therein.

on the trial court's appraisal of the case and on his refusal to grant a new trial in the interests of justice.[14]

*By the Court.*—Judgment affirmed.

DIETERICH, J., dissents.

[14] "In such situations, where the trial court has considered the advisability of granting a new trial and concluded that it should not be granted, this court is ordinarily inclined to defer to this decision of the trial court." *Baker v. Herman Mut. Ins. Co.* (1962), 17 Wis. (2d) 597, 607, 117 N. W. (2d) 725.