WOJKIEWICZ and another, Appellants, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY and another, Respondents.

*December 1, 1966—January 3, 1967.*

For the appellants there was a brief by *Edward R. Cameron* and *Alvin L. Zelonky*, both of Milwaukee, and oral argument by *Mr. Cameron*.

For the respondents there was a brief and oral argument by *Raymond R. Colwin* of Fond du Lac.

GORDON, J.  Mr. Wojkiewicz's version of this accident, if accepted in its entirety, would suggest that justice miscarried in the trial court. His version depicted Mr. Pinno as having failed to make a proper lookout and as having suddenly crossed from the right lane of the highway to the left lane in front of the Wojkiewicz car, without giving a turn signal. According to Mr. Wojkiewicz, Mr. Pinno made an unlawful left turn into a crossing which was reserved for state patrol cars and emergency vehicles. Mr. Wojkiewicz claimed that he, himself, was traveling within the speed limit when he observed the Pinno car, which flashed its brake lights (but not a directional turn signal) and then made an abrupt left turn from the far right side of the highway. If these were the full and correct facts, the assessment of only 30 percent of the negligence to Mr. Pinno would seem untenable.

Upon this appeal we are mindful of our statement in *Baker v. Herman Mut. Ins. Co.* (1962), 17 Wis. (2d) 597, 607, 608, 117 N. W. (2d) 725, that where the trial

judge has refused to grant a new trial in the interests of justice, this court "is ordinarily inclined to defer to this decision of the trial court." See also *Mack Trucks, Inc., v. Sunde* (1963), 19 Wis. (2d) 129, 140, 141, 119 N. W. (2d) 321.

This court has asserted that it will not exercise its discretionary power to grant a new trial in the interests of justice unless it is convinced that there has been a probable miscarriage of justice, viewing the case as a whole. *Wanserski v. State Farm Mut. Automobile Ins. Co.* (1964), 23 Wis. (2d) 368, 378, 127 N. W. (2d) 264; *Chapnitsky v. McClone* (1963), 20 Wis. (2d) 453, 467, 122 N. W. (2d) 400.

There are several major contradictions to the version of the accident given by Mr. Wojkiewicz as outlined above. The testimony of Mr. Pinno and of his passenger, Mrs. Wood, would have warranted the jury's believing that the directional signal light of the Pinno car was turned on and that the Pinno car "angled" across the highway in a manner which was not precipitous. Their testimony also showed that the collision took place when the Pinno car was entirely in the turn-off, to the left of the paved portion of the highway.

Also, there is evidence which the jury could have accepted to establish that Mr. Wojkiewicz's own negligence was very serious. Although he had observed what he thought were brake lights going on and off, the jury could have determined that his lookout was defective in not recognizing Mr. Pinno's directional turn signal. The jury also may have deemed that Mr. Wojkiewicz was negligent as to speed under the circumstances by concluding that he should have reduced his speed upon observing what he thought were the Pinno brake lights; the jury may have been impressed with the fact that Mr. Wojkiewicz left skid marks measuring over 205 feet. In addition, if the jurors believed that the impact occurred within the turn-off, this might have led them to believe that

Mr. Wojkiewicz was negligent as to his management and control. While we do not know the specific items of negligence which the jurors attributed to Mr. Wojkiewicz, we find substantial support in the record for their answers to the comparative negligence questions.

The plaintiffs also contend that the inadequacy of the damages reflects perversity in the verdict. We have carefully reviewed the evidence regarding damages and find no basis for reversal.

Mrs. Wojkiewicz sustained numerous injuries including sprains to the neck, back and right shoulder, a concussion and various lacerations. There was a conflict in the medical testimony regarding the permanence of her neck and back difficulties. During the year following the accident, Mrs. Wojkiewicz participated actively in bowling leagues, and the jury's assessment of $2,000 for her personal injuries is not deemed perverse.

The jury allowed only $100 for Mr. Wojkiewicz's personal injuries. This amount seems quite low for the injuries and discomfort which he sustained. However, here, too, there was a conflict in the medical evidence, and we decline to hold that the award is so inadequate as to be perverse. In addition, there is applicable to Mr. Wojkiewicz's damages what was said in *Sell v. Milwaukee Automobile Ins. Co.* (1962), 17 Wis. (2d) 510, 519, 117 N. W. (2d) 719:

> "The rule is that where a jury has answered other questions so as to determine that there is no liability on the part of the defendant, which finding is supported by credible evidence, the denial of damages or granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse."

This statement in the *Sell Case* was specifically reaffirmed in *Metcalf v. Consolidated Badger Co-operative* (1965), 28 Wis. (2d) 552, 565, 137 N. W. (2d) 457, and *Fink v. Reitz* (1965), 28 Wis. (2d) 319, 323, 137 N. W. (2d) 21.

Viewing the case as a whole, we are not convinced that there has been a probable miscarriage of justice.

*By the Court.*—Judgment affirmed.