FETZER & COMPANY, APPELLEES, V. JOHNSON & NELSON, APPELLANTS.

FILED MAY 17, 1913.   No. 17,146.

1. **Sales:** ACTION FOR PRICE: DEFENSES: PLEADING. The consideration for the contract of a vendee to pay for goods sold and delivered is the goods themselves. If failure of warranty of the goods is not sufficiently pleaded and proved, it cannot be relied upon as a defense of failure of consideration.

2. **Contracts:** ACTION: FRAUD: PLEADING. To avoid a contract on the ground of fraud in procuring it, the facts constituting the fraud must be pleaded and proved.

3. **Sales:** ACTION FOR PRICE: EVIDENCE. If a machine is purchased under a written warranty that it is made of good materials and

with good workmanship, and there is no evidence of a failure thereof in those particulars, evidence that it was tried and failed to do good work is not sufficient proof that it was not intended nor adapted to do the work for which it was sold.

4. ———: ———: DAMAGES: ADMISSIBILITY OF EVIDENCE. If a party to an action is not entitled to recover or recoup damages, evidence as to his alleged damages is properly excluded.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. *Affirmed.*

*H. Halderson,* for appellants.

*Willis E. Reed, contra.*

SEDGWICK, J.

This action was brought in the district court for Madison county to recover $623.20, the purchase price of 10 disc and shoe drills, manufactured by the plaintiffs. The case was tried by the court without a jury, and there were findings and judgment for the plaintiffs for the amount claimed. The defendants have appealed.

The plaintiffs are manufacturers and wholesale dealers of farm machinery, and the defendants are retail dealers therein. The contract of sale was in writing, and contained this clause: "We refuse to give any warranty on goods of our manufacture other than that of good material and workmanship, refusing absolutely to sell any such goods on trial with the privilege of returning if not satisfactory."

The defendants in their brief say that they set up five defenses: Want and failure of consideration; fraud and deceit; breach of warranty and counterclaim for same; counterclaim for damages necessarily arising from the failure of the above farming implements to work; and general denial. They answered quite at large. The answer covers more than six pages of the closely printed abstract. It admits the purchase of the goods, and the written contract, and the delivery of the goods thereunder.

The first count in the answer appears to be an attempt to allege the failure of the consideration for the contract. It contained the following allegation, which illustrates the defendants' apparent idea of failure of consideration: "The defendants allege that the said drills, and each of them, were and are defective in mechanical construction to a degree that the operation of same, and each of said drills, involves the contravention of natural law; that the said drills are not made of good material, but of cheap, defective and inferior material; that the design and make-up of said drills are purely experimental, and upon fair and exhaustive trial said drills, and each of them, have proven to be complete failures in this agricultural section, and are complete failures; that said drills, with proper management, adjustment and power, will not and cannot do good work, and the work which said drills were warranted to do and intended for." And the count closes with the allegation: "And, by reason thereof, there is and was a total failure of consideration for the making of the said contract, and that there was no consideration moving to any third party with the defendants' consent." The defense of want of consideration is based upon the claim "that the drills would not do work, were utterly worthless, of no value." This, of course, is virtually a defense of breach of warranty. The goods were the consideration for the contract made by the defendants; and, if failure of warranty of the goods is not sufficiently pleaded and proved, it cannot be relied upon as a defense of failure of consideration. The defendants cited numerous authorities holding that, as between the original parties to an agreement, oral evidence is admissible to show want or failure of consideration. There is no doubt of this proposition, but these authorities are not applicable to this case. This contract was not *nudum pactum*.

The next contention is that "the defense of fraud may be shown by parol, not to contradict but to destroy the effect of a written contract." Of course, it is always competent to show that any contract was procured by fraud,

and fraud vitiates all contracts. The defendants in this case, however, failed to either allege or prove that this contract was procured by fraud. The allegations of the attempt in that regard are that the plaintiffs' agent who procured the contract "did then and there, at the time of the signing of said contract exhibit A, state, represent and say, that the said ten disc and shoe drills described in said exhibit A, and each of them, were constructed and made in a manner identical with and similar to the Superior Press Drill handled and sold by the Kingman Implement Company; that they were made of material of same weight and quality; that they were mechanically constructed, and operated and worked in the same manner as the said Superior drills, and would do as good work; that said representations and statements were false; the plaintiffs knew they were false, but made the same with the intention to defraud and deceive these defendants, who relied on said representations of fact, and signed the said contract by virtue and under authority of which said disc and shoe drills described in exhibit A were delivered to the defendants." If we consider that these statements of the agent would be sufficient in any event upon which to predicate fraud in procuring the contract, the allegation is still insufficient for that purpose. There is a general statement that the representations and statements were false, but it is not alleged which of the statements were false, nor in what particular. There is no allegation of fact inconsistent with the alleged statement of the agent. So far as the allegation goes, the falsity of the agent's statement may have consisted wholly in the statement that the drills would do as good work as the Superior drills, and this is a mere matter of warranty covered by the written contract between the parties. The evidence offered to support the allegations fails to show that the contract was procured by fraud. The offer of proof was in the same words as those contained in the answer. There was no offer to prove that the defendants relied upon the statements, nor in what respect the alleged statements were false.

The principal contention in the brief appears to be that the defendants should have been allowed to prove that the machines did not perform the work for which they were intended. It is said that, whether or not the goods sold are especially warranted, there is an implied warranty that they are suitable to "do the work for which it was made. The plaintiff in the case at bar being a manufacturer of the drills sold, it is in law bound to furnish a drill that will sow and cover up grain." The pleadings and evidence and the defendants' offer of proof did not present such a case as the defendants seems to have in mind. The quotations already made from the answer will show the nature of that pleading. One of the defendants testified: "We tried the drill, used four horses; with the press wheel attachment, the dirt and trash would check and stop the wheels on account of the double drawbar, and grain for that reason left on top of the ground; seed would come from spout, but would not be covered up; we then took the press wheel attachment off, and put on the chain cover attachment; scraper on convex side of disc and scraper on shoe on concave side of each disc are fixed and nonadjustable, so that straw, dirt and trash would lodge on both sides of each disc and stop them; would not seed nor cover up grain." It had already been testified that these machines were in general use for which they were intended. There was evidence tending to show that the ground was very wet and weedy, too foul and muddy to operate any seeder. We do not find that the defendants offered, any evidence tending to prove that the drills were not intended nor adapted "to sow and cover up grain."

The defendants asked the witnesses on the stand: "What is the value of the drills you bought, in controversy here?" This was objected to as immaterial, and the objection was sustained. The defendants then offered to prove that the drills are of no value. This was excluded. And then various offers were made relating to the defendants' damages by the supposed failure of the machines, which were, of course, excluded. The brief discusses the

measure of damages in breach of warranty; but, as no breach of warranty was shown, this evidence was properly excluded. There was evidence tending to show that the drills were of good material and workmanship as warranted, and there is no evidence to the contrary.

The judgment of the district court is

AFFIRMED.

REESE, C. J., BARNES and FAWCETT, JJ., concur.

LETTON, ROSE and HAMER, JJ., not sitting.