LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, vs. S. MORGAN SMITH COMPANY and others, Respondents.

*June 12—July 1, 1947.*

220

*H. F. McAndrews* of Kaukauna, attorney, and *Maxwell H. Herriott* of Milwaukee of counsel, for the appellant.

For the respondents the cause was submitted on the brief of *North, Bie, Welsh, Trowbridge & Wilmer* of Green Bay.

RECTOR, J.   The claim of the appellant is based upon the provision of the city's contract with the Smith Company to

which reference has been made. It is argued that while the first two sentences of the "guarantee" are essentially warranties as to design and workmanship, the third sentence is strictly a guaranty "which among other things insures the city against the cost and expense of parts which fail, provided the failure occurs within one year as a result of faulty design." It is said that under the contract the gates were required to be designed so that in case of breakage of the operating mechanism they would drift shut, and that the damage was caused by the failure of the gates to drift shut in accordance with the required design.

Considering the case from the standpoint of breach of warranties, it is clear that the facts do not show the plaintiff entitled to relief. Sec. 121.49, Stats., requires that in order to charge a seller for breach of warranty the buyer must give notice of any such breach within a reasonable time after he knows or ought to know of it. We have said that this section requires notice of a claim for damages as a condition precedent to a right of recovery. *Marsh Wood Products Co. v. Babcock & Wilcox Co.* (1932) 207 Wis. 209, 240 N. W. 392; *Ace Engineering Co. v. West Bend Malting Co.* (1943) 244 Wis. 91, 11 N. W. (2d) 627. The delay of ten months in giving notice of a claim for damages was, as a matter of law, an unreasonable length of time, particularly in view of the fact that it denied to the Smith Company an opportunity to thoroughly investigate the cause of the breakdown with a view to asserting any defense that may have existed. *Wood v. Heyer* (1923), 179 Wis. 628, 191 N. W. 971.

It is unnecessary to determine whether there is a guaranty of performance. If there is one, there can be no recovery. Upon the breakdown of the mechanism the city could have relied upon the alleged guaranty and demanded replacement of defective parts at the expense of the Smith Company. But it did not do so. It ordered some parts and services from the Smith Company and in the order requested prompt invoices.

Other parts and services were ordered from another company and the same request was made. Upon completion of the work the invoices were paid without raising the question as to liability of the Smith Company under its contract.

It is contended that the payment was made under business compulsion because of the necessity of the repairs in furnishing service to the utility's patrons. It is said that had there been a demand for performance of the guaranty, the Smith Company might have refused unless the city waived its claim, and under the urgency of the situation the city might have been forced to waive it in order to get the work done, since only the Smith Company was able to furnish and repair the defective equipment. It is also said that if the city had refused to pay the bill after the repairs had been completed, subsequent requests for repair parts in an emergency might have been jeopardized.

It may well be, as the appellant contends, that the Smith Company would have demanded that the city waive its claim. But it should have been given that opportunity. Had the matter been presented for the company's consideration and had it demanded waiver of the city's claim, the city could then have elected its course, but it made no effort to ascertain the company's position. The company did not breach its guaranty of performance; it was given no opportunity to perform. It was not notified that it was expected to replace the machinery at its own expense. The claim that if the city had refused to pay the bill after repairs had been completed, subsequent requests for repair parts in an emergency would have been jeopardized, is not persuasive. That consideration was of no more import at the time than it was ten months later when claim was made by the appellant insurer under a subrogation clause in its insurance contract with the city. The city knew when it claimed under its contract that there was every likelihood the present claim would be asserted by the insurer.

We consider that under the circumstances there was a waiver of any right the city may have had to insist upon per-

formance of the claimed guaranty. See cases collected in 6 Callaghan's Wis. Dig., Waiver, secs. 1, 4.

*By the Court.*—Judgment and order affirmed.