CHARLES NEKUDA, JR., APPELLANT, v. ALLIS-CHALMERS MANUFACTURING COMPANY, A CORPORATION, ET AL., APPELLEES.

121 N. W. 2d 819

Filed May 31, 1963. No. 35424.

Vogeltanz & Grimminger, for appellant.

Tye, Worlock & Knapp and Schaper & Schaper, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

Plaintiff commenced this action in the district court for Garfield County against Allis-Chalmers Manufacturing Company, a corporation, and Millard D. Anderson and John W. Anderson, doing business as Anderson Brothers Motor and Implement Company, a partnership, on an implied warranty of a seat pan for a tractor. The jury returned a verdict for the defendants. Plaintiff has appealed from the judgment entered on the verdict.

On September 29, 1958, plaintiff purchased a seat pan from Anderson Brothers at their place of business in Burwell, Nebraska. The seat pan had been purchased by Anderson Brothers from Allis-Chalmers and had been sold to the plaintiff in the package in which it had been received. Allis-Chalmers had obtained the seat pan from the Munroe Equipment Company, the manufacturer, who had furnished similar seat pans in quantity on specifications furnished by Allis-Chalmers.

Plaintiff's father was the owner of a WD-45 Allis-Chalmers tractor which had been purchased in 1955. The seat pan involved in the present action was purchased by plaintiff and installed on the Allis-Chalmers tractor in late September or early October 1958. The evidence shows that the tractor was extensively used thereafter during the planting, growing, and harvesting seasons, but was subjected to a limited use only during the winter months. On April 24, 1960, while plaintiff was occupying the seat on the tractor and engaged in pulling a rotary hoe in the field, the seat broke away from the assembly which held it in place, causing plaintiff to be thrown under the right rear wheel of the tractor and causing the injuries to plaintiff for which this suit was brought.

The evidence shows that the seat pan was purchased

from Anderson Brothers without any statement by plaintiff as to its intended use. The seat pan was put on the tractor and used for 19 months. Plaintiff said that it snapped or broke without warning, causing the injuries for which damages are sought. The evidence of the defendant Anderson Brothers is that the seat pan was purchased from Allis-Chalmers at Omaha, Nebraska, and that it was sold to plaintiff in the same package in which it was received. Anderson Brothers deny that any implied warranty was made as to its fitness for any particular use. The evidence of the defendant Allis-Chalmers is that the tractor seat was manufactured by the Munroe Equipment Company upon the specifications provided by Allis-Chalmers. Expert witnesses testified that this type of seat pan was tested in its laboratory and testing grounds. They testified that materials and construction were tested and found to be of good quality. They also testified that the seat pans were tested for stress and endurance on varying conditions and types of ground, and they were found to be fully adequate. Experts in metallurgy testified to the good quality of the materials used in the manufacture of the seat pan. Professor W. F. Wieland qualified as a consulting engineer and as having done research in the field of materials and the properties of such, the effect of corrosion, and the behavior of materials under various conditions. He examined the seat pan after the accident and before the trial. It was his opinion that there was no defect in the materials used in the manufacture of the seat pan, and that its condition was a progressive deterioration of the metal due to corrosion extending over a rather long period of time.

Plaintiff assigns as error the giving of instruction No. 6. By this instruction the court told the jury that a seller is not liable for a breach of warranty unless the buyer gave him notice of such breach within a reasonable time after the buyer knew, or ought to have known, of the alleged defect in the goods. No notice was given

in the instant case except that obtained through the filing of the action on July 7, 1960, following the accident on April 24, 1960. Plaintiff contends that notice is not required under the circumstances of this case and that the trial court erred in so instructing the jury.

The plaintiff relies upon two sections of the Uniform Sales Act in support of his contention that there was an implied warranty of the seat pan. These sections provide in part as follows:

"Subject to the provisions of this act and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose. (2) Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality." § 69-415, R. R. S. 1943. "In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages, or other legal remedy, for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." § 69-449, R. R. S. 1943.

Section 69-449, R. R. S. 1943, requires that notice of a breach of warranty must be given within a reasonable time. Under this section the purchaser has neither a

right of action for the breach of a promise or warranty in the contract, nor a defense to an action for the purchase price, unless the required notice has been given. Marsh Wood Products Co. v. Babcock & Wilcox Co., 207 Wis. 209, 240 N. W. 392; Jan Ree Frocks, Inc. v. Pred, 68 S. D. 356, 2 N. W. 2d 696. This section requires notice of a claim for damages as a condition precedent to a right of recovery. Lumbermens Mut. Cas. Co. v. S. Morgan Smith Co., 251 Wis. 218, 28 N. W. 2d 343; Simonz v. Brockman, 249 Wis. 50, 23 N. W. 2d 464. In the instant case no notice was given. But even if there was an implied warranty and notice given of the breach thereof within a reasonable time, there is a further reason why plaintiff cannot recover.

The evidence in this record will not sustain a finding that there was a breach of warranty even if such warranty existed. Plaintiff's evidence shows that he purchased the seat pan without disclosing the purpose of its use. There is no evidence that he relied on the seller's skill or judgment. He attached it to his tractor and used it for 19 months. He relies entirely on the fact that the seat pan broke around the bolt holding it in place. There is no evidence of any defect in materials or workmanship. Defendants produced evidence that there was no defect of materials, design, or workmanship. The evidence shows that these seat pans had been thoroughly tested, not only as to the quality of materials, design, and workmanship, but as to their endurance and suitability for the purposes for which they were to be used. In addition thereto defendants produced evidence that the seat pan in question had deteriorated as a result of corrosion which brought about a gradual weakening of the seat pan and the resulting accident. This evidence was not disputed.

Some contention is made that the case is one involving the doctrine of res ipsa loquitur. Where there is direct evidence as to the cause of an accident and the facts and circumstances surrounding it, the rule of res ipsa

loquitur has no application. Sleezer v. Lang, 170 Neb. 239, 102 N. W. 2d 435; Miratsky v. Beseda, 139 Neb. 229, 297 N. W. 94; Knies v. Lang, 116 Neb. 387, 217 N. W. 615, 57 A. L. R. 1022. Under this state of the record the plaintiff's evidence failed to establish a breach of any implied warranty as a matter of law. Since a verdict should have been directed for the defendants on this ground, any error in the instructions is not prejudicial to the rights of the plaintiff. A judgment will not be reversed for errors against a party not entitled to succeed in any event. Muenchau v. Swarts, 170 Neb. 209, 102 N. W. 2d 129; Knuth v. Singer, 174 Neb. 182, 116 N. W. 2d 291.

For reasons stated, the judgment is affirmed.

AFFIRMED.