ALBERT F. HRDLICKA ET AL., DOING BUSINESS AS HRDLICKA BROTHERS, APPELLEES, v. J. P. ALLEN, APPELLANT.

137 N. W. 2d 725

Filed November 5, 1965. No. 35982.

Hugh W. Eisenhart and Perry & Perry, for appellant.

Ward Urbom, Baylor, Evnen, Baylor & Urbom, and Melvin K. Kammerlohr, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is an action to recover $1,230 alleged to be due the plaintiffs for calves sold and delivered to the defendant. After the jury had been sworn and opening statements made, the plaintiffs objected to the introduction of any evidence on the ground that the answer failed to state a defense. The trial court sustained the objection and entered judgment for the plaintiffs upon the pleadings. The defendant's motion for new trial was overruled and he has appealed.

The appeal presents a very narrow issue. The question to be determined is whether the answer alleges any defense.

The petition alleged that the plaintiffs were dealers in dairy cattle; that at the special instance and request of the defendant the plaintiffs sold and delivered calves to the defendant; that the defendant gave and delivered his check in the amount of $1,230 to the plaintiffs in payment for the calves; that the defendant stopped payment on the check; that upon presentation of the check the bank refused payment; that the defendant has refused to pay the sum of $1,230 or any part thereof; and that "said account" is still due and owing.

The answer admitted the sale and delivery of calves to the defendant by the plaintiffs; the execution and delivery of the check; that payment was stopped; and that upon presentation of the check to the bank, payment was refused. The answer denied the allegations that the plaintiffs were dealers in dairy cattle and that the de-

fendant was indebted to the plaintiffs. The answer alleged that the plaintiffs had not complied with the Packers and Stockyards Act or the requirements of the bureau of animal husbandry of the State of Nebraska; that some of the animals which the defendant had purchased from the plaintiff were diseased; that they had died through no negligence of the defendant and had thus caused failure of consideration for the alleged sale by the plaintiffs to the defendant; that the defendant had purchased the calves relying upon the belief that the plaintiffs had complied with the federal and state requirements; that because of the plaintiffs' failure to comply with federal and state requirements and their having sold diseased animals to the defendant, he was justified in stopping payment of the check for failure of consideration for the alleged sale; and that the defendant is entitled to a credit against the sale price for the loss of the animals and for expenses incurred in trying to save them when it was found that they were diseased.

The reply was a general denial of all allegations in the answer except those which admitted allegations of the petition.

The defendant contends that the action is a suit upon a negotiable instrument; that the defendant is entitled to plead a failure of consideration because the action is brought by the payee and not a holder in due course; and that the allegations in the answer were a sufficient pleading of the failure of consideration.

The plaintiffs contend that defendant is attempting to assert a breach of warranty as a defense; that to be available as a defense a breach of warranty must be pleaded; that after acceptance of the goods a buyer must give notice to the seller of a breach of warranty within a reasonable time; and that the defendant is required to allege that the required notice has been given.

As we view the record in this case, it is not important whether the action be considered to be a suit upon an account or a suit upon a negotiable instrument. Since

the action is between the original parties, the defendant could plead a failure of consideration as a defense in either event.

The petition in this case alleges the sale and delivery of calves by the plaintiffs to the defendant. The answer admits that the calves were sold and delivered but alleges that they were diseased and that some of them died. The defendant had no complaint concerning the calves sold and delivered except their alleged diseased condition. This amounts to a claim that the calves were warranted to be not diseased and that the warranty was breached. In Fetzer & Co. v. Johnson & Nelson, 93 Neb. 763, 141 N. W. 823, this court said: "The defense of want of consideration is based upon the claim 'that the drills would not do work, were utterly worthless, of no value.' This, of course, is virtually a defense of breach of warranty. The goods were the consideration for the contract made by the defendants; and, if failure of warranty of the goods is not sufficiently pleaded and proved, it cannot be relied upon as a defense of failure of consideration. The defendants cited numerous authorities holding that, as between the original parties to an agreement, oral evidence is admissible to show want or failure of consideration. There is no doubt of this proposition, but these authorities are not applicable to this case. This contract was not nudum pactum."

After acceptance of the goods, a buyer is required to notify the seller within a reasonable time of the breach of any promise or warranty or the seller is not liable. § 69-449, R. R. S. 1943. In Nekuda v. Allis-Chalmers Manuf. Co., 175 Neb. 396, 121 N. W. 2d 819, we said: "Section 69-449, R. R. S. 1943, requires that notice of a breach of warranty must be given within a reasonable time. Under this section the purchaser has neither a right of action for the breach of a promise or warranty in the contract, nor a defense to an action for the purchase price, unless the required notice has been given. Marsh Wood Products Co. v. Babcock & Wilcox Co., 207

Wis. 209, 240 N. W. 392; Jan Ree Frocks, Inc. v. Pred, 68 S. D. 356, 2 N. W. 2d 696. This section requires notice of a claim for damages as a condition precedent to a right of recovery. Lumbermens Mut. Cas. Co. v. S. Morgan Smith Co., 251 Wis. 218, 28 N. W. 2d 343; Simonz v. Brockman, 249 Wis. 50, 23 N. W. 2d 464."

The answer in this case did not allege that the plaintiffs had warranted the calves to be not diseased or that the defendant had notified the plaintiffs within a reasonable time that the calves were diseased and that he claimed a breach of the contract for that reason. The answer failed to state a defense and the plaintiffs were entitled to judgment on the pleadings.

The judgment of the district court is affirmed.

AFFIRMED.