O'LEARY, Appellant, vs. BUHROW, Respondent.*

*October 22—December 18, 1946.*

---

* Motion for rehearing denied, with $25 costs, on February 25, 1947.

For the appellant there was a brief by *Gold & McCann,* and oral argument by *Richard A. McDermott,* all of Milwaukee. *P. F. Leuch* of Milwaukee, for the respondent.

ROSENBERRY, C. J.   This appeal turns on whether the jury's findings are supported by the evidence.

There is ample evidence to support the finding that both appellant and respondent were negligent with respect to the part of the road upon which they were driving at and immediately prior to the time of the collision.   The highway was marked for three ten-foot lanes.   Such markings allocated the two outside lanes for travel in opposite directions and the inside lane for passing.   The right of a driver of an automobile to proceed upon the right half of a highway under sec. 85.15 (1), Stats., is restricted by that same subsection to travel within a designated lane where such lanes have been marked.

There is testimony to support the conclusion that Buhrow was traveling on the proper outside northbound lane preceded by several cars which were likewise traveling within that lane. O'Leary was approaching from the opposite direction.   His testimony was confused as to just where he was driving with reference to the traffic lanes.   Buhrow testified that O'Leary was straddling the marking between the southbound lane and the center lane and that the left side of his car extended over into the center lane about two feet.   Buhrow testified that as he swung out to pass the preceding car O'Leary's car was about seventy-five or one hundred feet away and he thought there was insufficient room to pass between the car ahead and O'Leary's approaching car.   There would have been eight feet for that purpose, but under the circumstances he thought

it was insufficient to pass between the two cars in safety. He applied his brakes and his car skidded to the left in the path of O'Leary's car.

Whether the provisions of sec. 85.15 (2), Stats., are applicable in view of the exceptions there made as to highways laned for traffic, we find it unnecessary to decide. As a matter of law and without regard to statute, Buhrow could not lawfully turn into the center lane of a three-lane highway for the purpose of passing without first ascertaining whether the lane was free of oncoming traffic for a sufficient distance to permit of passing in safety. The jury properly found that Buhrow was negligent with respect to driving in the center lane under the circumstances, and could have arrived at no other determination under the evidence.

The testimony of Buhrow to the effect that O'Leary was driving with the left portion of his car two feet into the center lane gives support to the jury's finding that O'Leary was negligent in failing to operate his car within the traffic lane designated for southbound travel.

The findings with respect to management and control are likewise supported by the testimony. Buhrow testified that he tried to get back into the outside lane after he observed that he could not proceed safely in the center lane, but that he was unable to do so by reason of the position of the car he was attempting to pass. He applied the brakes and his car skidded. Clearly, it was for the jury to determine whether such management and control were proper under the circumstances. *Piesik v. Deuster* (1943), 243 Wis. 598, 11 N. W. (2d) 358.

O'Leary testified that when he observed Buhrow's lights he turned his car to the right. If this were established beyond question, there would be nothing upon which to charge him with negligent management and control. The only evidence bearing on such negligence consisted of Buhrow's testimony that O'Leary did not turn right as soon as he should have. That evidence is not as satisfactory as we would like. In

order to sustain the jury's finding in this respect it is necessary to give full effect to the rule that where there is any credible evidence which in any reasonable view fairly admits of an inference that supports a jury's findings, the verdict will not be disturbed.

The jury found that seventy-five per cent of the negligence which caused the injuries complained of was attributable to O'Leary and twenty-five per cent to Buhrow. It is considered that the disparity in the *quantum* of negligence chargeable to each of the drivers as found by the jury, under the facts and circumstances of this case, is such as to require the exercise of the discretion conferred upon the court by sec. 251.09, Stats. The judgment must be reversed for the reason that justice has probably miscarried. Because there must be a new trial, we make no further comment upon the evidence.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to grant a new trial.