HAMM, Plaintiff and Respondent, vs. MILLER and another, Defendants and Appellants: NEWLAND and another, Defendants and Respondents.

*November 30—December· 30, 1949.*

For the appellants there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondent Louise Hamm there was a brief by *R. Stanley Kelly* of Burlington, attorney, and *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha of counsel, and oral argument by *Mr. Kelly* and *Mr. William A. Sheldon.*

For the respondents Coleman A. Newland and Lumbermens Mutual Casualty Company there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

HUGHES, J. The evidence was that the two cars approached the intersection at approximately the same time, Miller from the east and Newland from the south.

Miller testified that as he approached the intersection he slowed his automobile so that he was not exceeding ten

miles per hour as he reached the crosswalk east of the intersection. He then noticed the Newland car about seventy-five to one hundred feet south of the intersection on Sixty-Eighth street "coming fairly fast. I couldn't tell you just how fast he was going." Miller then slowly increased his speed and entered the intersection. He testified that as he again saw the Newland car bearing down on him, he tried to more rapidly accelerate his speed and that he almost cleared the east half of Sixty-Eighth street before being struck by the Newland car.

That the jury verdict must be sustained if there is credible evidence which under any reasonable view admits of an inference that supports the jury's finding, is not challenged. *Better Properties, Inc., v. Kocher* (1941), 239 Wis. 294, 1 N. W. (2d) 157; *O'Leary v. Buhrow* (1946), 249 Wis. 559, 25 N. W. (2d) 449; *Van Galder v. Snyder* (1948), 254 Wis. 120, 35 N. W. (2d) 187. It is further conceded that if there was such negligence, it would be momentary and not assumed by the guest. Appellant strenuously contends, however, that there is no evidence that Miller breached any duty as a driver because he had the right of way.

Right of way is probably one of the most misunderstood of all driving regulations. Many drivers consider it to be absolute. That it is not has often been pointed out in opinions of this court. *Lozon v. Leamon Bakery Co.* (1925), 186 Wis. 84, 202 N. W. 296; *Carson v. Green Cab Co.* (1925), 186 Wis. 566, 203 N. W. 394; *Roellig v. Gear* (1935), 217 Wis. 651, 260 N. W. 232; *Forecki v. Kohlberg* (1941), 237 Wis. 67, 295 N. W. 7, 296 N. W. 619. As said by this court in *Reynolds v. Madison Bus Co.* (1947), 250 Wis. 294, 304, 305, 26 N. W. (2d) 653:

"In connection with the general subject of right of way we deem it advisable to make one further observation. When two cars approach or enter the intersection at approximately the same time the driver to the left has a statutory duty to

yield the right of way. The driver to the right is negligent if he insists upon claiming his right of way where it is evident that his competitor for the intersection is not going to respond to this duty. These are separate items of negligence which exist concurrently and are to be measured and compared by the jury."

The appellant here had the obvious duty upon first observing the Newland car to determine how fast it was traveling and whether he could safely pass in front of it. The manner of operation of his car through the intersection after only a cursory glance at the Newland car, presented a question for the jury, *Lozon v. Leamon Bakery Co., supra,* and its conclusion that he was negligent is amply supported.

The trial court, in its decision on motions after verdict, pointed out that although Miller had the right to assume that Newland would respect his right of way, his right to continue in that assumption ceased when he knew or ought to have known that Newland would not or could not yield the right of way. And when such a situation became apparent or ought to have become apparent to Miller it was his duty to refrain from exercising his right of way and to exercise ordinary care in the management and control of his automobile. Miller formed no opinion as to the rate of speed of the Newland car and, therefore, there was no basis for the formation of judgment that he could proceed in safety. The jury undoubtedly concluded that when he reached the crosswalk and observed the situation he should have observed the speed of Newland; that the exercise of ordinary care would then have required him to take reasonable steps to avoid a collision; and that at the speed at which he himself was traveling he could have readily accomplished this by stopping.

We are satisfied that the trial court and jury correctly applied the well-established law to the facts of this case, and that the judgment appealed from must be affirmed.

*By the Court.*—Judgment affirmed.