Johnson, Appellant, vs. Fireman's Fund Indemnity Company, Respondent.*

*June 1—July 3, 1953.*

* Motion for rehearing denied, with $25 costs, on September 11, 1953.

For the appellant there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

For the respondent there was a brief by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Arthur B. Sullivan*.

GEHL, J.    Although after verdict plaintiff moved in the alternative that the court change answers to the questions which inquired as to his conduct, he did upon the oral argument made here in effect abandon that contention and expressed his willingness to accept judgment upon the verdict as returned. That expression and an examination of the record satisfies us that there is but one issue for determination: The

question whether the trial court erred in changing the answers to the question which inquired as to comparison of negligence. The defendant finds no fault with the verdict except as to the finding respecting comparison of negligence.

It is quite apparent from a reading of the judge's memorandum opinion that the jury's finding that plaintiff was negligent with respect to yielding the right of way was an impelling circumstance affecting his conclusion. The defendant also relies heavily upon that finding. It should not have been considered.

Because of the jury's finding that Mrs. Stone was guilty of causal negligence with respect to speed, the issue of right of way was taken out of the case. Sec. 85.18 (1), Stats., provides that, "When two vehicles approach . . . an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in this section. The driver of any vehicle driving at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder. . . ." There is testimony which warrants the conclusion that the two cars approached the intersection at approximately the same time. Although there is no evidence that Mrs. Stone was driving at a rate of speed in excess of that allowed by statute or ordinance, the jury was, under the circumstances and considering the fact that the streets were covered with packed, slippery snow, warranted in finding that she was negligent in that respect. The word "unlawful" as it is used in the statute does not necessarily mean contrary to some statute or ordinance, but means unauthorized by law. It follows that the jury's finding of negligent speed on the part of Mrs. Stone operated as a forfeiture by her of any right of way which she might otherwise have had, *Kloss v. American Indemnity Co.* 253 Wis. 476, 34 N. W. (2d) 816, and there was no occasion to consider the question whether

the plaintiff was negligent with respect to yielding. Nor was it proper for the court in comparing the negligence of the parties to give effect to the jury's finding that plaintiff was negligent with respect to yielding. *Roellig v. Gear,* 217 Wis. 651, 260 N. W. 232.

It is reasonable to assume that, in comparing the negligence of the parties, the jury laid particular emphasis upon the fact disclosed by Mrs. Stone's testimony that she failed almost completely to maintain a proper lookout. She testified that she first looked to the left when she could see to the west on Lake street a distance of "a lot or so," 50 or 60 feet, and that within that distance she saw no vehicles. The vision of both drivers was not obscured to the extent that she should not have seen plaintiff's car earlier. She testified that when she first saw plaintiff's car it was "approaching right in front of me;" also that when she first saw it "it was just entering the intersection." There was nothing to prevent her from having seen the Johnson car before she "was just about up to the sidewalk" as she testified. Further she testified that after having looked to her right as she approached the intersection, "I waited until I got out into the *middle of the road* until I could see that there was nothing coming before I looked to the left."

We conclude that the matter of comparison of negligence was for the jury, and that the court, apparently misled by its erroneous consideration of the testimony bearing upon the alleged failure of the plaintiff to yield the right of way, erred in changing the answers.

Although it is not necessary for a determination of the issues raised, we believe it might be beneficial to suggest the form in which a verdict should be prepared in cases involving facts and issues such as appear here. Where a driver claims the "directional" right of way and there is evidence which would permit a finding of unlawful speed on his part,

the verdict should be prepared in such form as not to require a determination by the jury of the question whether the other driver has failed to yield if it has been found that the driver to the right has by his speed forfeited his right of way.

*By the Court.*—Judgment reversed. The cause is remanded with the direction that the jury's verdict be reinstated and that judgment be entered thereon for the plaintiff.