HADJENIAN, Plaintiff and Respondent, vs. SEARS, ROEBUCK & COMPANY, Defendant and Respondent: KELLY-MOHRHUSEN COMPANY, INC., Defendant and Appellant.

*May 5—June 3, 1958.*

300

For the appellant there was a brief by *Kivett & Kasdorf,* attorneys, and *John R. Henderson* of counsel, all of Milwaukee, and oral argument by *Mr. Henderson.*

For the respondent Shnorhig Hadjenian there was a brief by *Meldman & Kahn,* attorneys, and *Edward H. Meldman* and *Clifford K. Meldman* of counsel, all of Milwaukee, and oral argument by *Edward H. Meldman.*

For the respondent Sears, Roebuck & Company the cause was submitted on the brief of *Arnold, Philipp & Murray* of Milwaukee.

BROADFOOT, J.   After all of the testimony had been presented Kelly moved for a directed verdict. In support of its contention that the motion should have been granted, Kelly claims there is no credible evidence to support a jury finding that Bartlein or Barbasiewicz plugged the openings in the coal water heater. Both employees testified that they did not insert the plugs. No witness testified he or she saw anyone insert the plugs. Therefore, Kelly contends, the positive testimony of the plumber and his helper stands unimpeached and the jury verdict is based upon conjecture.

Marcella Hadjenian, a daughter, was living with her parents at the time the new water heaters were installed and at the time of the explosion. She testified that she heard a hissing noise and saw steam coming out of the heater; that her father then exclaimed, "My God, Sears plugged the holes." Kelly contends this statement, if made by the deceased, was at best a *res gestae* statement setting forth only a conclusion and the jury's verdict cannot stand upon that alone.

Bartlein testified that he left a galvanized pipe sticking out of the top of the old water heater and that it was there when he last was on the premises on June 19th. The daughter testified that she was in the basement soon after Bartlein left on June 19th and that there were no pipes sticking out of the top or rear of the old heater. She further testified that she saw plugs in the openings on June 19th. Mrs. Hadjenian also testified that she had to clean up the basement on June 19th after the installation and that among other things she dusted off the old water heater and noticed a plug in the top thereof. If Bartlein left a galvanized pipe protruding from the top of the water heater when he left the premises for the last time it would be convincing evidence that he did not insert the plug. There was a direct conflict in the testimony between his statement and that of Marcella and Mrs. Hadjenian. The credibility of the witnesses was for the jury. At an adverse examination of Bartlein he produced a new plug and testified that he carried such plugs with him when he went to do plumbing work. The top was stamped with a letter "W" inclosed within a circle. That plug was similar to the one found at the top of the old water heater after the explosion. The plug in the cold-water inlet was not found after the explosion. The jury noted the plug in the top of the heater and the plug produced by Bartlein and could compare their similarity.

From the evidence, especially in view of the conflicts, the jury could determine that the plugs were inserted by Bartlein or Barbasiewicz in spite of their positive testimony that they did not insert them. The exclamation by Hadjenian just before the explosion was evidence from which the jury could infer that Hadjenian himself had not inserted the plugs.

The trial court on motions after verdict determined there was credible evidence to support the findings of the jury as to the negligence of Bartlein or Barbasiewicz. We agree with its determination.

The appellant next contends there was no causal relation ship between the explosion and any acts or omissions to act on the part of its employees on June 18 or 19, 1954. It contends that the acts of the deceased in using the old coal water heater for a stove, a purpose for which it was never intended, and attempting to disconnect the plugs when steam was discovered coming out of one of the openings were separate intervening acts which were the sole proximate cause of the accident. Several cases are cited in support of these contentions but they are not applicable to the situation presented here.

The jury has found the negligence of Kelly's employee was a substantial factor in causing the accident. Since the heater was not drained, the plugging of the outlets under the circumstances here was a direct cause of the explosion and the ensuing damages. Bartlein testified that he did not drain the water out of the old heater. The fact that the intervening acts of the deceased were negligent did not make them superseding causes of the explosion as they should reasonably have been anticipated by Kelly's employee who inserted the plugs. A discussion of the subject of intervening cause is contained in *Brown v. Travelers Indemnity Co.* 251 Wis. 188, 28 N. W. (2d) 306; *Wenzel v. Werch,* 256 Wis. 47, 39 N. W. (2d) 721; and *Ryan v. Cameron,* 270 Wis. 325, 71 N. W. (2d) 408.

It is further claimed that the contributory negligence of the deceased was greater as a matter of law than any negligence which could be attributed to the appellant's employees. The comparison of the negligence of the parties is peculiarly within the province of the jury and a study of the record shows that the jury acted within proper limits. Its determination of the question must be affirmed.

There was an appeal also from the judgment against Kelly in favor of Sears. The procedure was somewhat unusual but under the circumstances was not prejudicial so far as Kelly

is concerned. Because of its contract with Sears, it is responsible for the negligence of its employees. The judgment provides that if appellant files a satisfaction of the judgment then Sears shall execute a satisfaction of its judgment. If Sears, which was found to be jointly liable, is compelled to pay the judgment in favor of the plaintiff, then its judgment will stand. We can see no danger that Kelly may be called upon to pay the amount of the judgment twice.

*By the Court.*—Judgments affirmed.