GRANGER, Appellant, v. MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Respondent.

*February 6—March 5, 1963.*

For the appellant there was a brief and oral argument by G. A. Hagerty of Bruce.

For the respondent there was a brief by Wilcox & Sullivan of Eau Claire, and oral argument by Arthur B. Sullivan.

GORDON, J. After the jury's verdict, the court ordered the answers to the special verdict changed so as to find that the plaintiff was causally negligent as to management and control and also to reflect that such negligence on the part of the plaintiff was at least equal to that of the driver of the automobile insured by the defendant.

We conclude that the learned trial judge was correct in his first change but in error as to his second.

Upon this record, the trial judge was warranted in concluding that the plaintiff was unquestionably negligent as to management and control. When the plaintiff was 200 feet from the intersection, he observed the defendant's car, which

was then speeding toward the intersection. Without any change of course, reduction of speed, or braking the plaintiff continued upon his path into the intersection. It is significant that the plaintiff was pulling a trailer which was even of greater length than the average automobile; this constituted an added responsibility upon the plaintiff.

If anyone were to have had the right-of-way at this intersection, it was Mrs. Huxhold, who was approaching from the right. However, she forfeited her right-of-way by reason of her speed. The right-of-way did not pass to the plaintiff, and his manner of entering the intersection was negligent as to management and control as a matter of law. We agree with the trial court that the jury's finding of no negligence upon the plaintiff is completely untenable. No reasonable mind, upon this evidence, could completely exculpate Mr. Granger from negligence.

The degree of Granger's negligence was established by the trial court as at least 50 percent. We have often noted that the comparison of negligence is peculiarly for the jury. In *Davis v. Skille* (1961), 12 Wis. (2d) 482, 489, 107 N. W. (2d) 458, this court stated:

"While this court has in a number of cases determined as a matter of law that the negligence of a plaintiff equaled or exceeded that of one or more defendants, it has also stated that the instances in which a court can so rule will be extremely rare. *Kraskey v. Johnson* (1954), 266 Wis. 201, 204, 63 N. W. (2d) 112, and *McGuiggan v. Hiller Brothers* (1932), 209 Wis. 402, 407, 245 N. W. 97."

See also *Jankovich v. Arens* (1952), 262 Wis. 210, 214, 54 N. W. (2d) 909; *Bailey v. Bach* (1950), 257 Wis. 604, 609, 44 N. W. (2d) 631.

We do not regard the instant case as one in which the court should bypass a jury's comparison of the two drivers' negligence. If Mrs. Huxhold is again found negligent as to speed at the retrial, the jury may conclude that such

negligence was the dominant cause of the accident. However, a contrary result would also be within the realm of reasonableness. Under such circumstances, the trial court should not have answered the comparative-negligence question. A new trial will be necessary to resolve the question.

*By the Court.*—Judgment reversed; cause remanded for a new trial.